UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
VALENTINA RODRIGUEZ,

                Plaintiff,

- against -


BRITISH AIRWAYS PLC and CATHAY
PACIFIC AIRWAYS LIMITED,

                Defendants.
-------------------------------------------------------------------x

Civil Action No.:
17-cv-03691-BMC
District Judge:
Hon. Brian M. Cogan

# MEMORANDUM OF LAW IN OPPOSITION TO
# VALENTINA RODRIGUEZ'S MOTION TO VACATE JUDGMENT

CONDON & FORSYTH LLP
7 Times Square
New York, NY 10036
(212) 490-9100
Anthony U. Battista, Esq.
Jean Cooper Rose, Esq.

Attorneys for Defendant
*British Airways PLC*

# TABLE OF CONTENTS

Table of Authorities ................................................................................. ii

Preliminary Statement ............................................................................... 1

Statement of Facts ..................................................................................... 1

Argument .................................................................................................... 3

    I.    PLAINTIFF'S "NEWLY DISCOVERED" EVIDENCE DOES NOT PROVIDE A BASIS TO VACATE THE JUDGMENT ............................................................................ 3

        A.    JAMES FEUERBORN'S TESTIMONY WOULD NOT HAVE CHANGED THE OUTCOME OF THE CASE ................................................................... 4

        B.    PLAINTIFF WAS NOT JUSTIFIABLY IGNORANT OF JAMES FEUERBORN'S TESTIMONY ................................................................. 7

        C.    THE "NEWLY DISCOVERED" EVIDENCE IS CUMULATIVE OR IMPEACHING ...................................... 10

Conclusion ................................................................................................ 11

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Karak v. Bursaw Oil Corp.*, 288 F.3d 15 (1st Cir. 2002) ..........................................8

*Lepore v. Vidockler*, 792 F.2d 272 (2d Cir. 1986)......................................................8

*Levensaler v. Hartford Accident Indem. Co.*, 13 B.R. 140 (D. Conn. 1981) ......... 10

*Lord & Taylor LLC v. Zim Integrated Shipping Servs., Ltd.*, No. 13 CIV. 3478 (AT), 2016 WL 6671378 (S.D.N.Y. June 13, 2016) ................................4-5, 7

*Nemaizer v. Baker*, 793 F.3d 58 (2d Cir. 1986).........................................................3

*Parilla-Lopez v. United States*, 841 F.2d 16 (1st Cir. 1988) ................................. 10

*United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370 (2d Cir. 2001) .............. 3-5, 7

*United States v. Int'l Bhd. of Teamsters*, 179 F.R.D. 444 (S.D.N.Y. 1998) ....... 8-10,

*Washington v. Patlis*, 916 F.2d 1036 (5th Cir.1990) ..................................................8

**FEDERAL STATUTES AND TREATIES**

Fed. R. Civ. P. 60 ........................................................................................................2

## PRELIMINARY STATEMENT

Defendant British Airways, PLC ("British Airways"), by and through its attorneys Condon & Forsyth LLP, respectfully submits this Memorandum of Law in opposition to Plaintiff Valentina Rodriguez's ("Ms. Rodriguez") Motion to Vacate Judgment pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure. Ms. Rodriguez fails to establish any of the basic elements that would justify vacating the judgment, let alone all of them, and her motion should be denied.

## STATEMENT OF FACTS

In a Minute Entry and Order on August 29, 2017, this Court ordered that expert discovery be completed by November 10, 2017. On September 19, 2017, David Kapelman, plaintiff's counsel; Jean Cooper Rose, British Airways' counsel; Nicholas Magali, counsel for Cathay Pacific; Dr. Carl Berkowitz, plaintiff's liability expert; James Feuerborn, British Airways' liability expert; and Michael Holder, a security escort on behalf of British Airways met at John F. Kennedy International Airport for a site inspection. *See* Declaration of Anthony U. Battista ("Battista Decl."), at ¶ 4. This site inspection was organized by British Airways at the request of plaintiff's counsel. *Id.*

The inspection proceeded with Dr. Berkowitz and Mr. Feuerborn taking photographs and measurements of the jet bridge and aircraft door at the gate. *Id.* at ¶ 5. At the conclusion of the inspection, Mr. Holder escorted all of the parties back to the Transportation Security Administration office to return all security badges that were issued. *Id.* at ¶ 6. It was evident at the inspection that Dr. Berkowitz was plaintiff's expert, as it was evident that Mr. Feuerborn was British Airways' expert. *Id.* at ¶ 7.

On October 19, 2017 a notice of deposition and a request for production was served by British Airways upon plaintiff's counsel for Dr. Berkowitz's report and supporting documentation and photographs. *Id.* at ¶ 8. This notice of deposition and request for production was served based upon counsel's meeting of Dr. Berkowitz at the airport for the site inspection on September 19, 2017. British Airways noticed Dr. Berkowitz's deposition for November 7, 2017, and for production of documents to be produced on November 6, 2017, one day in advance of his deposition. *Id.* at ¶ 9. Counsel for Ms. Rodriguez subsequently requested that Dr. Berkowitz be deposed on November 10 because of prior commitments and that his document production be produced on November 9. *Id.* at ¶ 10. British Airways agreed. In accordance with the parties' agreement, on November 9, 2017, plaintiff's counsel served expert disclosures which included the report of Dr. Berkowitz and Dr. Friedman.[1] *Id.* at ¶ 11. British Airways served expert disclosures on November 10, 2017 based upon the Court's expert discovery deadline. *Id.* at ¶ 12.

Although plaintiff's counsel had met Mr. Feuerborn at the September 19, 2017, site inspection, British Airways did not receive a request for expert disclosures before the expert discovery deadline. *Id.* at ¶ 13.

On November 20, 2017, ten days after the close of expert discovery, British Airways received a notice of deposition and request for production of its expert James W. Feuerborn, Jr., P.E. *Id.* at ¶ 14. Although Mr. Feuerborn had been present at the site inspection on September 19, 2017, and plaintiff's counsel had met him that day, the notice was dated November 14, 2017, four days after the close of expert discovery in this case. *Id.* Accordingly, British Airways

---

[1] Dr. Friedman was disclosed as Ms. Rodriguez's damages expert on November 9, and had not been brought to the attention of British Airways prior to that. This is noted as support for British Airways position that both parties made expert disclosures on the basis of the expert discovery deadline set by the Court, rather than gamesmanship and bad faith.

2

advised plaintiff's counsel that the right to the deposition of British Airways' liability expert and the request for production had been waived. *Id.* at ¶ 15.

Plaintiff and British Airways jointly submitted a letter to the Court requesting a pre-motion conference regarding a potential motion for the deposition of Mr. Feuerborn and setting forth the parties' preliminary positions on the issue, as had been done prior to the pre-motion conference requesting permission to file a motion for summary judgment. *Id.* at ¶ 16. No briefs were filed, and the Court did not hear oral argument. Ultimately, this Court issued an Order on November 22, 2017, directing British Airways to produce Mr. Feuerborn for deposition, and sanctioning British Airways $1,500 for its actions.[2] *Id.* at ¶ 17. The deposition of James Feuerborn took place on December 6, 2017. *Id.* at ¶ 18. The Court granted defendants' summary judgment motions on December 12. *Id.* at ¶ 19.

## ARGUMENT

### PLAINTIFFS' "NEWLY DISCOVERED" EVIDENCE DOES NOT PROVIDE A BASIS TO VACATE THE JUDGMENT

Rule 60(b) provides for extraordinary judicial relief and a motion thereunder may be granted only under exceptional circumstances. *Nemaizer v. Baker*, 793 F.3d 58, 61 (2d Cir. 1986); *see also United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) ("A

---

[2] Although the Court stated in its Order that the sanctions were warranted by British Airways "bad faith and gamesmanship," it is respectfully submitted that Mr. Feuerborn was not formally disclosed due to a mistaken assumption by British Airways. Specifically, British Airways believed that Ms. Rodriguez's counsel understood that Mr. Feuerborn would serve as defendants' expert witness, due to his presence at the site inspection on September 19, 2017. It was further assumed that, because plaintiff's counsel had not noticed Mr. Feuerborn's deposition or requested production of his report and supporting documentation prior to the expert discovery deadline (as British Airways had done in October a month before the deadline), plaintiff was not planning to take Mr. Feuerborn's deposition. British Airways' late disclosure was not made in bad faith, and no efforts were made to conceal the retention of Mr. Feuerborn from counsel for plaintiff. Indeed, Ms. Rodriguez did not make expert disclosures until November 9, one day prior to British Airways.

3

motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances."). To succeed on a Rule 60(b) motion, plaintiff must establish the existence of: (1) newly discovered evidence of which plaintiff was justifiably ignorant despite due diligence; (2) that would have been of such importance that it probably would have changed the outcome of the decision; and (3) is not merely cumulative or impeaching. *Int'l Bhd. of Teamsters*, 247 F.3d at 392. Ms. Rodriguez fails to establish any of the basic elements that would justify vacating the judgment, let alone all of them, and her motion should be denied.

### A. James Feuerborn's Deposition Testimony Would Not Have Changed the Outcome of this Case

Ms. Rodriguez cannot show that the newly discovered evidence, *i.e.* the testimony of James Feuerborn, would have changed the outcome of this Court's decision in December 2017 excluding plaintiff's expert report and testimony and granting summary judgment to defendants. Despite Ms. Rodriguez's assertions, Mr. Feuerborn's testimony would not have affected the outcome because: (1) it has no bearing on this Court's finding that the height differential between the jet bridge floor and the aircraft door was open and obvious and not inherently dangerous; and (2) it would not have changed the outcome of this Court's rejection of Dr. Berkowitz's testimony on the basis that "Dr. Berkowitz's opinion needlessly complicates the dispute between the parties and improperly relies on standards that are inapplicable to the circumstances at issue here". *See* Dkt. No. 46 at p. 6.

Second Circuit case law makes clear that Rule 60(b)(2) relief should not be granted when the original judgment was based on both excluded or discredited testimony and on evidence that independently justifies the trier of fact's conclusion. *Lord & Taylor LLC v. Zim Integrated Shipping Servs., Ltd.*, No. 13 CIV. 3478 (AT), 2016 WL 6671378, at *3 (S.D.N.Y. June 13,

2016). For example, in *United States v. Int'l Bhd. of Teamsters*, the Second Circuit affirmed the denial of Rule 60(b)(2) relief "because [the trier of fact] held that there was sufficient evidence apart from . . . testimony to support its finding." 247 F.3d 370, 391 (2d Cir. 2001); *see also Lord and Taylor*, 2016 WL 6671378, at *3 (denying motion to vacate judgment where the "Court acted as the trier of fact").

Here, the Court not only excluded the expert report and testimony of Dr. Berkowitz, but also ruled that, based on the undisputed facts, "neither defendant owed plaintiff a duty that encompassed warning her about or changing the height differential . . because the differential was an open, obvious, and not inherently dangerous condition." *See* Dkt. No. 46 at p. 8. Ms. Rodriguez has not put forth any newly discovered evidence which pertains to the Court's finding that the height differential was open and obvious and not inherently dangerous. The Court, in its role deciding the motion for summary judgment, held that there was sufficient undisputed evidence to support this finding, and the present motion does nothing to disturb that holding. Accordingly, Ms. Rodriguez has not demonstrated that the newly discovered evidence would have changed the outcome of the summary judgment motion, and her motion to vacate judgment should be denied.

Further, this Court, in its December 12 Order, excluded the report and opinion of Dr. Berkowitz because "Dr. Berkowitz's opinion needlessly complicates the dispute between the parties and improperly relies on standards that are inapplicable to the circumstances at issue here." *See* Dkt. No. 46 at p. 6. The Court went on to consider each standard relied on by Dr. Berkowitz in his expert report, and nonetheless excluded his report and testimony. Ms. Rodriguez has failed to meet her burden of showing that Mr. Feuerborn's testimony would have changed this result.

First, as to the FAA Advisory Circular, the Court noted in its opinion that the circular "specifically states that it is intended to provide guidance 'for the preparation of specifications for devices to assist in the boarding of passengers with *mobility impairments*.'" *See id.* Indeed, Dr. Berkowitz conceded this fact in his expert report, as noted by British Airways in its Reply Memorandum of Law in Further Support of Summary Judgment. *See* Dkt. No. 39 at p. 8. As Ms. Rodriguez was an able-bodied non-passenger, the Court found the FAA Advisory Circular was "unhelpful and more likely to confuse than assist the factfinder." Now Ms. Rodriguez cites to portions of the deposition transcript in which Mr. Feuerborn was asked to read, word for word, selected portions of the text of the Advisory Circular. *See* Plaintiff's Brief in Support of Motion to Vacate Judgment ("Pl. Brief") at p. 5. Ms. Rodriguez makes the bare statement that Mr. Feuerborn agrees with Dr. Berkowitz, but no further argument is made by Ms. Rodriguez to show how this would have changed the outcome of the Court's decision to exclude Dr. Berkowitz's testimony and grant summary judgment.

Second, as to the American Society of Testing Materials' ("ASTM") Standard Practice for Safe Walking Surfaces, which states that "[a]djoining walking surfaces shall be made flush and fair, whenever possible and for new construction and existing facilities to the extent practicable," the Court correctly noted that "defendants have explained, and plaintiff does not dispute, that a height differential between the jet bridge and the aircraft floor must exist to permit door clearance." *See* Dkt. No. 46 at p. 7. This remains true. Regarding ASTM, in her brief Ms. Rodriguez notes, again without further argument, Mr. Feuerborn's testimony stating that this standard "could" apply to the height differential between the jet bridge floor and the aircraft door. *See* Pl. Brief at pp. 7-8. British Airways submits that it has not been shown that this

testimony would have changed the result of Court's decision to exclude Dr. Berkowitz's testimony and grant defendants' summary judgment motions.

Third, as to the guidelines published by the American National Standards Institute, the Court noted that the parties disputed whether the "standard is intended to address the needs of people with disabilities or not, but even if it applies to the general public, that standard alone . . is an insufficient basis for Dr. Berkowitz's conclusions." *See* Dkt. No. 46 at p. 7. Ms. Rodriguez now cites to testimony that Mr. Feuerborn is not familiar with standards promulgated by ANSI, and an exchange in which Mr. Feuerborn states that "I would agree that safety is safety, yes." *See* Dkt. No. 46 at p. 7. British Airways submits that this statement is so vague as to be meaningless, and that Ms. Rodriguez has not shown how this testimony would have changed the outcome of the Court's decision.

The Court excluded Dr. Berkowitz's testimony because it needlessly complicated the dispute and relied on inapplicable standards, but also granted summary judgment because defendants established that the height differential was open and obvious, and not inherently dangerous. *Lord & Taylor LLC*, 2016 WL 6671378, at *3; *see also Int'l Bhd. of Teamsters*, 247 F.3d at 396. Ms. Rodriguez has not made the necessary showing that Mr. Feuerborn's testimony would have changed the outcome of the decision, and her motion should be denied.

### B. Plaintiff Was Not Justifiably Ignorant of James Feuerborn's Testimony

Ms. Rodriguez is unable to show that the deposition of James Feuerborn is truly newly discovered evidence which could not have been found by the exercise of due diligence prior to the entry of summary judgment. Ms. Rodriguez has the burden to establish that she was justifiably ignorant of the testimony of James Feuerborn, despite due diligence on her part. Ms. Rodriguez's counsel was aware of Mr. Feuerborn's existence well before the expert discovery

deadline, and, in failing to notice the deposition of Mr. Feuerborn until after the expert discovery deadline, failed to exercise due diligence. *See, e.g., United States v. Int'l Bhd. of Teamsters*, 179 F.R.D. 444, 448 (S.D.N.Y. 1998) (denying movant's motion under Rule 60(b)(2) where it was demonstrated that movant "knew the identity of [the new witness] and the likely substance of his [testimony]"); *see also Lepore v. Vidockler*, 792 F.2d 272 (2d Cir. 1986); *see also Washington v. Patlis*, 916 F.2d 1036, 1038 (5th Cir.1990) (affirming trial court's denial of Rule 60(b)(2) motion when movant knew of her "newly discovered" witness prior to entry of judgment, but did not attempt to present that witness until after entry of judgment); *see also Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002) (same).

In *Lepore*, the court denied movant's Rule 60(b) motion because plaintiff failed to demonstrate that the proffered evidence was newly discovered and failed to show due diligence in obtaining that evidence. *Lepore*, 792 F.2d at 275. The plaintiff had failed to timely submit affidavits or to seek a continuance to obtain the affidavits or depositions. The Second Circuit Court of Appeals stated:

> An unexcused failure to produce the relevant evidence before the entry of judgment is sufficient grounds for denial of a 60(b) motion. *Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.*, 549 F.2d 368, 391 (5th Cir. 1977); *accord Shoow v. Fletcher Insulation Co. v. Central Rigging & Contracting Corp.*, 684 F.2d 1383, 1385 (11th Cir. 1982). It is difficult to see how the district court abused its discretion when [plaintiff] offered no explanation for the lateness of the . . . [evidence]. *See Union Oil Co. of California v. Service Oil Co.*, 766 F.2d 224, 227 (6th Cir. 1985) (no abuse of discretion in denial of 60(b) motion where appellants simply state they tried to reach witness on a number of occasions and failed; appellants did not explain why they did not subpoena witness for deposition before summary judgment hearing).

*Lepore*, 792 F.2d at 274-275.

In the instant case, counsel for plaintiff submitted in his portion of the parties' November 22, 2017 joint submission letter that he was unaware that British Airways had retained a liability expert. Dkt. No. 43 at p. 1. British Airways, in its portion of the November 22 letter requesting a pre-motion conference regarding plaintiff's motion to compel, did not adequately demonstrate to the court that Ms. Rodriguez's counsel had in fact met Mr. Feuerborn nearly two months before the expert discovery deadline, and that British Airways was not making an eleventh hour expert disclosure for strategic purposes.[3] Mr. Feuerborn and Dr. Berkowitz were both present at the site inspection on September 19, 2017. Battista Decl. at ¶ 4. Counsel for plaintiff met Mr. Feuerborn at the inspection. During the inspection, both Mr. Feuerborn and Dr. Berkowitz took pictures on the aircraft, and recorded relevant aircraft measurements. Battista Decl. at ¶ 5. In short, both Mr. Feuerborn and Dr. Berkowitz behaved in such a manner as to indicate their function as potential retained expert witnesses. Battista Decl. at ¶ 7. Therefore, Plaintiff's counsel was aware, or should have been, that Mr. Feuerborn was at least a probable expert witness in this litigation since at least September 19. *Int'l Bhd. of Teamsters,* 179 F.R.D. at 448.

Plaintiff's counsel relies exclusively on the Court's November 22, 2017 Order directing British Airways to produce Mr. Feuerborn for deposition, and treats this as self-evident proof that the due diligence prong of Rule 60(b)(2) has been satisfied. *See* Pl. Brief at pp. 1-2. However, this issue was not fully briefed or argued before the Court, so the Court was not fully informed of the background facts when its November 22 Order was issued. Ms. Rodriguez has not submitted any evidence of its due diligence in obtaining evidence which existed at the time when judgment was entered. There is nothing in the motion papers currently before the court to

---

[3] British Airways did not wait to notice Dr. Berkowitz's deposition until Ms. Rodriguez disclosed him as an expert witness. Had British Airways done so, such notice would not have been issued until November 9, at the very earliest, as that is the date when Plaintiff made its own expert disclosures. Rather, based on Dr. Berkowitz's presence at the inspection, common sense dictated that British Airways serve a notice for deposition and request for production of Dr. Berkowitz's report.

explain why plaintiff's counsel was unaware that Mr. Feuerborn, whom had been present at the site inspection, would serve as an expert witness in this matter. *See Int'l Bhd. of Teamsters,* 179 F.R.D. at 448; *see also Parilla-Lopez v. United States*, 841 F.2d 16 (1st Cir. 1988) (personal injury plaintiff was not entitled to a new trial based upon "newly discovered" testimony of police officer where plaintiff was aware of police officer's identity and substance of his testimony before trial, but did not take his deposition). Accordingly, Ms. Rodriguez cannot show that Mr. Feuerborn's testimony constitutes newly discovered evidence that could not be obtained by due diligence, and her motion should be denied.

### C. The "Newly Discovered" Evidence is Cumulative and Impeaching

Ms. Rodriguez has failed to establish that Mr. Feuerborn's testimony "is not merely cumulative or impeaching." Indeed, his testimony is self-evidently cumulative, as Ms. Feuerborn was essentially asked to recite standards already presented to the Court in Dr. Berkowitz's expert report. In addition, the testimony is used to impeach British Airways' credibility as Ms. Rodriguez argues that it "contradicts [British Airways'] position and in fact supports Dr. Berkowitz's conclusions," and that "had this testimony been available . . . it is questionable whether [British Airways] would have made certain assertions about [Dr. Berkowitz's] opinion" in its motion for summary judgment. Such arguments are exactly the type of impeachment arguments that courts reject as a basis for granting the rare and extraordinary relief of vacating a judgment under Rule 60(b)(2). *See Levensaler v. Hartford Accident Indem. Co.*, 13 B.R. 140, 143 (D. Conn. 1981) ("where a party 'merely alleged that he now has evidence which contradicts (prior) testimony . . . this is insufficient' for 60(b) purposes").

Regardless, the testimony of Mr. Feuerborn does not discredit British Airways' position in this case. Despite Ms. Rodriguez's contentions, Mr. Feuerborn's testimony does not establish

that Dr. Berkowitz's report is reliable, that the alleged "industry standards" relied on by Dr. Berkowitz are applicable, or that his report does not contain inadmissible legal conclusions.

Mr. Feuerborn's testimony is cumulative of evidence already before the Court. Accordingly, Ms. Rodriguez's motion should be denied.

## CONCLUSION

Plaintiff Valentina Rodriguez's motion to vacate judgment fails to satisfy the basic elements required under Rule 60(b)(2). Accordingly, Defendant British Airways respectfully requests that the motion be denied.

Dated: New York, New York
January 9, 2018

CONDON & FORSYTH LLP

By _____
Anthony U. Battista, Esq.
Abattista@condonlaw.com
Jean Cooper Rose
jrose@condonlaw.com
7 Times Square – 18th Floor
New York, New York 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453

*Attorneys for Defendant*
BRITISH AIRWAYS PLC

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Heather L. Jackson, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Lynbrook, New York. That on the 9th day of January, 2018 deponent served the within **MEMORANDUM OF LAW IN OPPOSITION TO VALENTINA RODRIGUEZ'S MOTION TO VACATE THE JUDGMENT** upon:

| | |
|---|---|
| David A. Kapelman, Esq. | Nicholas Magali |
| 3 West 35th Street | Clyde & Co US LLP |
| New York, New York 10001 | 405 Lexington Ave. |
| (212) 563-2010 | New York, NY 10174 |
| | (212) 710-3911 |
| Attorney for Plaintiff | Attorney for Defendant |
| Valentina Rodriguez | Cathay Pacific Airways Limited |

via ECF.

_____
Heather L. Jackson

Sworn to before me this
9th day of January, 2018

_____
Notary Public

LORRAINE A. LINDSAY
Notary Public, State of New York
No. 01LI6185817
Qualified in King County
Commission Expires April 21, 2020

12