```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
VALENTINA RODRIGUEZ,                                        :
                                                            :
                              Plaintiff,                    :   **MEMORANDUM DECISION &**
                                                            :   **ORDER**
                     - against -                            :
                                                            :   17-CV-03691 (BMC)
                                                            :
BRITISH AIRWAYS PLC and CATHAY                              :
PACIFIC AIRWAYS LIMITED,                                    :
                                                            :
                              Defendants.                   :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This case is before the Court on plaintiff's motion to vacate the Court's Order granting summary judgment in defendants' favor. Plaintiff argues that deposition testimony unavailable when defendants' motions were *sub judice* would have led the Court to a different decision. British Airways PLC ("BA") and Cathay Pacific Airways Limited ("Cathay") have opposed, arguing that the testimony is irrelevant to the Court's holding. Defendants are correct, and plaintiff's motion is denied.

## BACKGROUND

The Court assumes the parties' familiarity with the substantive facts and procedural background of the case. In summary, plaintiff, an aircraft janitorial worker, suffered injuries when she tripped and fell while boarding an aircraft as part of her employment duties. She brought suit against Cathay, which operated the flight, and against BA, which provided aircraft cleaning services to Cathay. The Court granted defendants' motions for summary judgment, concluding that neither defendant owed plaintiff a duty to warn her of or protect her against the height differential (between the jet bridge and aircraft floor) on which she tripped. The Court

also held that Cathay did not owe her a duty under a common carrier theory. In its decision, the Court also excluded the proffered testimony of plaintiff's expert, Dr. Carl Berkowitz, who based his opinion on, *inter alia*, five safety standards. The Court held that his "opinion needlessly complicates the dispute between the parties and improperly relies on standards that are inapplicable to the circumstances at issue . . . ."

Plaintiff now moves to vacate the Court's decision because of "newly discovered evidence." That evidence is the deposition testimony of James William Feuerborn, Jr., BA's liability expert, who plaintiff deposed on December 6, 2017 while defendants' motions for summary judgment were *sub judice*. Plaintiff alleges that Feuerborn's testimony supports Dr. Berkowitz's proffered testimony and contradicts defendants' arguments, and that had the Court been able to consider what Feuerborn said, it would have admitted Dr. Berkowitz's opinion and denied summary judgment. Plaintiff claims that the transcript of the deposition was not available until after the Court entered its decision on December 12, 2017.

In support of this argument, plaintiff points to several of Feuerborn's statements from his testimony that lend support to the following claims:

- A four-inch height differential (the difference at issue here) can be a tripping hazard;
- A ramp between uneven surfaces can smooth the transition between them;
- A floor bridge could have been used in the circumstances at issue here;
- Two of the standards that Dr. Berkowitz relied on, which specifically address boarding devices and safety standards for people with mobility impairments, are also relevant to people without such impairments;
- The same standard of care should apply for passengers and employees of an airline; and

- A general safety standard calling for a ramp over certain changes in floor surface level could apply to the height differential between the floors of a jet bridge and an aircraft.

## DISCUSSION

Under Rule 60(b)(2) a party may move to set aside a judgment on the basis of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). "To succeed on such a motion, the movant bears the burden of showing that the new evidence probably would have changed the outcome of the prior proceeding, and that the movant was justifiably ignorant of the new evidence despite due diligence prior to judgment." Clarke v. United States, No. 13CV3080, 2016 WL 4573976, at *2 (E.D.N.Y. Aug. 31, 2016) (internal quotations omitted). "Notably, Second Circuit caselaw makes clear that Rule 60(b)(2) relief should not be granted when the original judgment was based on both discredited testimony and on evidence that independently justifies the trier of fact's conclusion." Lord & Taylor LLC v. Zim Integrated Shipping Servs., Ltd., No. 13 CIV. 3478, 2016 WL 6671378, at *3 (S.D.N.Y. June 13, 2016).

"Rule 60(b) provides extraordinary judicial relief, when the moving party demonstrates exceptional circumstances." Breslow v. Schlesinger, 284 F.R.D. 78, 82 (E.D.N.Y. 2012) (internal quotations omitted). The standard for Rule 60(b) relief is strict, and "reconsideration will generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration may not be used . . . as a vehicle for relitigating issues already decided by the Court." Webb v. City of New York, No. 08-CV-5145, 2011 WL 5825690, at *1 (E.D.N.Y. Nov. 17, 2011).

As an initial matter, Feuerborn's deposition testimony is not "newly discovered evidence," and that on its own is a sufficient basis to deny plaintiff relief under Rule 60(b). "Evidence is considered 'newly discovered' for purposes of Rule 60(b)(2) if it 'existed at the time of the prior adjudication but . . . was discovered by the movant only after the entry of judgment . . . .'" Johnson v. Askin Capital Mgmt., L.P., 202 F.R.D. 112, 114 (S.D.N.Y. 2001). What Feuerborn stated, not the transcript of what he stated, is the evidence at issue, and that was obviously available to and discovered by plaintiff at the time of the deposition – before the Court entered judgment. See, e.g., Frankel v. ICD Holdings S.A., 939 F. Supp. 1124, 1127 (S.D.N.Y. 1996).

After Feuerborn's deposition, and before the Court entered judgment, plaintiff was free to submit an affidavit pursuant to Rule 56(d), and argue that the Court should either delay consideration of defendants' motions or deny them outright, in light of an alleged "insufficient opportunity to conduct discovery." Plaintiff's failure to do so, however, "is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." Lunts v. Rochester City Sch. Dist., 515 F. App'x 11, 13-14 (2d Cir. 2013).

Even if plaintiff could overcome the fact that Feuerborn's deposition testimony is not "newly discovered evidence," her motion would still fail, because she has not pointed to any evidence that would change the Court's prior decision.

First, as defendants correctly contend, the Court granted summary judgment on the basis of undisputed facts showing that the height differential over which plaintiff tripped was "an open, obvious, and not inherently dangerous condition." These facts include, *inter alia*, 1) the near impossibility of not observing the height differential; and 2) plaintiff's extensive experience in crossing hundreds, if not thousands, of similar jet bridges. Even had the Court admitted Dr.

4

Berkowitz's testimony, his opinion would not, of course, have altered these key facts, and therefore would not have disturbed the holding that the Court reached in light of them. Accordingly, plaintiff's case would not be saved even if the Court held – which it does not – that Feuerborn's testimony sufficiently supports Dr. Berkowitz's so as to compel admitting the latter's opinion.

Second, Feuerborn's statements to the effect that a four-inch height differential can be a tripping hazard and that a ramp between uneven surfaces can smooth the transition between them are abstract conclusions that do nothing to upend the Court's determination regarding the open, obvious, and not inherently dangerous nature of the actual condition over which plaintiff tripped. Plaintiff misses the point that even a one inch differential could be a tripping hazard, ameliorated by a ramp, but that would have nothing to do with any obligation on the part of defendants to eliminate that differential or to supply a ramp. Feuerborn's claim that a floor bridge could have been used in the circumstances at issue here is presumably accurate, but also does not change the Court's conclusion that no reasonable jury could conclude that the height differential was unsafe without such a device.

Third, the Court has reviewed the transcript of Feuerborn's deposition and finds that none of his testimony would have changed its decision to exclude Dr. Berkowitz's opinion. The bare fact that Feuerborn agreed with some of Dr. Berkowitz's statements does nothing to disturb the Court's holding that Dr. Berkowitz's "opinion needlessly complicates the dispute between the parties." Furthermore, Feuerborn agreed with only two categories of narrow statements: 1) statements about what defendants *could have done* to have made the height differential even safer; and 2) statements about the reach of certain standards that Dr. Berkowitz relied on. As to the first, because the Court held that the height differential was open, obvious, and not inherently

5

dangerous, the uncontroverted fact that defendants could have implemented additional safety measures is immaterial. Defendants could have doubtless spent unlimited money and expended endless effort in working to ensure that no one, under any circumstances, could be injured in transiting the height differential. But the law does not require such efforts, and the Court declines to vacate its judgment because an expert can conceive of such means. Second, Feuerborn's nuanced statements about the reach and applicability of standards that Dr. Berkowitz relied upon do not upset the Court's evaluation of their relevance, or lack thereof, to the facts at issue, here.

## CONCLUSION

Plaintiff's motion is DENIED.

**SO ORDERED.**

Dated: Brooklyn, New York
      January 19, 2018

U.S.D.J.